ST. PETER'S LIT. ASSOCIATION VS. WEBB et al.

1. VENDOR'S LIEN: *Assignment, subrogation, etc.*
   Where one who executes a title bond to convey land upon payment of the purchase money afterward conveys the land and transfers the purchase money notes to a third person, the latter is subrogated to all the rights of the vendor, and may maintain a bill in equity to foreclose the vendor's lien.

2. ———: *Same.*
   Where, in such a case, the purchase money notes were delivered to the subsequent vendee without endorsement, but in consideration that he would carry out the contract with the first purchaser, it was such a transfer of the notes as entitled the holder to all the remedies and securities held by the original vendor.

APPEAL from *Lonoke* Circuit Court in Chancery.

Hon. J. J. CLENDENIN, Circuit Judge.

*Brown & Ford*, for appellants.

*U. M. Rose*, for appellee.

WALKER, J. :

The plaintiff asks equitable relief upon the following state of facts :

On the 27th of June, 1870, the Memphis and Little Rock Railroad Company sold to Jean Francis Webb 640 acres of land situate in the county of Lonoke, Arkansas, for the price of $3,000, one thousand of which was paid in cash, and two thousand dollars, secured by notes of one thousand dollars each, payable in one and two years, and on the same day the railroad company executed its bond to Webb to make him a deed to the land upon the payment of the balance of the purchase money. Afterwards, on the 27th of May, 1874, and after the notes became due and remained unpaid, the railroad company conveyed the land it had contracted to Webb, with other lands, by deed, to the plaintiff, with an express agreement that plaintiff should satisfy the sale made by the company to Webb, and, as the consideration for doing so, transferred and delivered the two notes given for the payment of the residue of the purchase money, to plaintiff.

These facts are alleged in the bill and verified by exhibits.

Plaintiff alleges that it has a legal title to the land, and is the holder of the notes; that Webb is a non-resident of the State of Arkansas; that the notes remain unpaid; that, by the terms of their contract with the railroad company, plaintiff was subrogated to all the rights of the company, legal and equitable, and was charged with performance of the obligation of the company to Webb; that Webb, being a non-resident, plaintiff could not tender to him a deed, but brings the deed before the court and offers to convey to Webb the lands purchased by him. Plaintiff avers that Webb has tenants on the land, and prays that they be made parties to the suit, and decreed to give possession to plaintiff; that the equity of Webb be foreclosed, judgment rendered on the notes, and the land sold to pay the same.

A demurrer was filed to the bill, on the ground that plaintiff had adequate relief in a court of law.

The demurrer was sustained and the bill dismissed.

In so decreeing we think the court erred.

The railroad company only contracted to convey upon condition that the purchase money was paid. The legal title to the land was retained as security for the payment of the purchase money, which was due and unpaid at the time of the sale to plaintiff, to whom was conveyed both the legal title to the land and the notes, whereby plaintiff stood in the same relation to Webb as the company did before their sale to plaintiff. Webb's interest was fully protected; plaintiffs were required to make him a deed to the land upon the payment of the purchase money; a payment to plaintiff would have been valid, and would have discharged their debt. Webb was tendered the title which he had contracted for, and has no cause to complain that plaintiff was subrogated to the rights of the railroad company.

Counsel for appellee insist that, as the notes were not assigned by endorsement to plaintiff, the railroad company owned the debt, and should have been made parties. and, as this was not done, the demurrer was properly sustained and the suit dismissed, and we are referred to our decision in the case of *Sheppard* v. *Thomas*, 26 Ark., 517, as sustaining him in his position.

The question of vendor's lien has repeatedly been before us for consideration, under every state of case in which the question could be presented.

In the case of *Shall* v. *Briscoe*, 18 Ark., 162, an absolute conveyance of the land was made, without reservation of a lien for the payment of the purchase money, the notes for the payment of which were assigned: Held, that the assignment does not carry with it the benefit of the vendor's lien. This decision rests upon the ground that an absolute title to the land was given without reservation of a lien for the payment of the purchase money. But a distinction was taken between a conveyance of the title to the land, and a contract to convey, in which the vendor retains the legal title as a security for the payment of the purchase money, in which, in *Moore & Cail* v. *Anders*, 14 Ark.; 635, it was held, that the assignment of a note for the purchase money thus secured carried the lien with it.

In the case of *Williams* v. *Christian*, 27 Ark., 255, a bond for title was given to convey upon the payment of the purchase money, for the payment of which a note was given, the note was assigned without recourse. It was held, in that case, that the assignment, being without recourse, implied an acceptance and reliance upon the personal responsibility of the maker of the note.

In the case of *Bernay* v. *Field et al.*, 29 Ark., 219, a bond had been given for title to lots upon the payment of the purchase money. The notes given for the payment of the purchase money were assigned by Field and Dolly to Benedict, Hall & Co. for

value received. Subsequently, Benedict, Hall & Co. re-assigned the notes to Field and Dolly, but without recourse.

The opinion in the case of *Williams* v. *Christian* was reviewed, and, under the state of case then before the court, approved. But a distinction was taken between that case and the case of *Bernay* v. *Field* in this, that the assignment, although without recourse, was made to Field and Dolly, who held the security, whereby the debt and security were again united in the same party, and, in principle, settled the question, that whenever the security and the debt are in the same party the lien is sustained.

But the appellee insists that, in this case, there was no assignment of the notes from the railroad company to plaintiff, and counsel even go further and say that there was no evidence that plaintiff owned the notes. It is true, the notes were not assigned by an endorsement upon them, but then, by the terms of the contract between the railroad company and plaintiff to convey to Webb, the land contracted to be conveyed, and the notes given by Webb to the company, were transferred and delivered to plaintiff as the consideration for making such deed to Webb as the company had contracted to convey. It may be true that this was not technically an assignment of the notes, but it was a sale and transfer of the notes, which entitled the plaintiff to the money to be paid by Webb for the lands, to be conveyed by plaintiff to him as fully as if an assignment had been made in the usual form. And, in thus holding, we are sustained by a former decision in the case of *Wilson* v. *Bowden et al.*, 26 Ark., 151. In that case Burkhead sold and delivered the writing obligatory, and the mortgage given to secure its payment, to Wilson. The case came before this court upon demurrer to the bill, on the ground that the bill showed no assignment of the writing obligatory and indebtedness to Wilson, in regard to which Mr. Justice Harrison, who delivered the opinion of the court, said:

That a person entitled to the money due upon a bond, or other chose in action, notwithstanding the legal title has not been transferred to him by assignment, so as that he may sue upon it at law, is so plain and familiar a proposition as not to admit of discussion. * * * A chose in action may be the subject of a sale, which will entitle the purchaser to all the remedies or securities held by the vendor, * * * and in equity will give a right of subrogation to the debt itself, and to all the securities that attend it. Yielding our assent to the correctness of this decision, and to the conclusions reached by the court in the case of *Bernay* v. *Field*, that where the debt and the security are united in the same party, the lien created by contract will be sustained; and, applying them to the case before us, the position assumed by counsel must fail.

According to the terms of the contract, each party has duties to perform—Webb to pay for the land, and plaintiff to convey it to him.

Webb could have compelled plaintiff to make him a deed to the land by paying or tendering the purchase money. Webb, having failed to pay the notes, and, by his tenants, being in possession of the land, plaintiff had an election of remedy—to sue in ejectment and recover possession of the land, with the rents and profits—but this judgment would not foreclose the equitable rights of Webb to pay for the land and take the title for which he had contracted—or to bring his action at law on the notes, obtain judgment, sue out execution and levy upon and sell the equitable right of Webb. But such sale would not necessarily bar Webb from asserting his equitable rights.

According to our repeated decisions, the contract, in cases like the one under consideration was, in legal effect, a mortgage, to which all the incidents of a mortgage attached, and the rights of the parties growing out of it are to be governed by analagous

rules, under which the plaintiff may, as in this instance has been done, resort at once to a court of equity for redress, present the facts, and require of the defendant to pay the purchase money and accept the deed, or to foreclose his equitable rights and have the land sold upon such equitable terms as the chancellor may direct for the payment of the purchase money.

All of the necessary facts to entitle the plaintiff to relief are fully set forth in the bill, such as we think most clearly entitle plaintiff to the relief prayed.

Let the decree of the court below be reversed and set aside and the case remanded for further proceedings, with leave to defendant to answer.